IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



RODNEY COVINGTON,

    Petitioner,

v.                                                        CRIMINAL NO. 4:13cr86

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Rodney Covington's ("Petitioner") Motion for Compassionate Release. ECF Nos. 37 and 40. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was indicted on a one-count indictment related to his alleged involvement in a scheme to possess and distribute cocaine. ECF No. 1. Petitioner ultimately pled guilty to Count One, charging Petitioner with Conspiracy to Posses with Intent to Distribute and Distribution of more than 28 grams of cocaine base and an unspecified amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B). ECF No. 15.

The Statement of Facts indicates that in 2011, law enforcement began to investigate Petitioner as a possible distributor of illegal narcotics after Petitioner and an unnamed co-conspirator were arrested in Newport News with a cooler containing cocaine and heroin in the trunk of their vehicle. ECF No. 16. Petitioner was subsequently released and later arrested in January 2013 on other charges. *Id.* Upon his arrest, Petitioner admitted that he was involved in the

sale of cocaine in the Eastern District of Virginia. *Id.* On February 6, 2014, Petitioner was sentenced to a term of 156 months imprisonment plus 5 years of supervised release. ECF No. 30.

On August 17, 2020, Petitioner filed a *pro se* letter motion for compassionate release based upon the ongoing threats that COVID-19 imposes. ECF No. 37. The Court then ordered the appropriate responses on August 21, 2020. ECF No. 38. Petitioner supplemented his motion on September 21, 2020. ECF No. 40. The Government responded in opposition on October 5, 2020. ECF No. 44. Petitioner replied to the Government's response on October 13, 2020. ECF No. 46. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may, however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if

2

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, and importantly, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

Petitioner submitted a request for compassionate release to the BOP on June 26, 2020. ECF No. 40. The warden subsequently denied Petitioner's request. *Id.* Petitioner then filed the present action on August 17, 2020. ECF No. 37. Accordingly, Petitioner complied with the exhaustion requirements under § 3582(c)(1)(A). Furthermore, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Therefore, although the Court could waive the exhaustion requirement based upon the ongoing threats that COVID-19 imposes, waiver is not necessary since Petitioner meets the requisite exhaustion requirements.

#### B. Resolution of Petitioner's Request for Compassionate Release

*1. Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner has an extensive criminal history. The Presentence Report reveals that Petitioner had a Criminal History Category IV with prior convictions such as larceny, trespassing, obstruction of justice, assault and battery of a family member, possession of marijuana, and a litany of traffic violations. ECF No. 39. Petitioner also had multiple arrests in 2005, 2006, 2007, 2010, and 2013

for possession with intent to distribute cocaine and marijuana. *Id.* Furthermore, regarding Petitioner's underlying offense of conviction, Petitioner was arrested in 2011 for possession with intent to distribute cocaine. *Id.* Two years later, Petitioner was arrested for possession of Schedule I or II narcotics in 2013. *Id.* Undoubtedly, from 2005 to 2013, Petitioner seemed to continually repeat the conduct that caused his arrest time and time again.

Furthermore, at the time of sentencing the statutory maximum for Petitioner's offense was 327 months imprisonment. Upon recalculation of Petitioner's sentencing guidelines in 2017, Petitioner's maximum term of imprisonment was lowered to 262 months.[1] ECF No. 36. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense...and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

The Court also considers that Petitioner has participated in rehabilitative programming and obtained several certifications while incarcerated. ECF No. 40 at 16. Petitioner even maintained employment throughout most his time in BOP custody. *Id.* However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020)

---

[1] Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(C)(2) following the passage of Amendment 782 to the United States Sentencing Guidelines (the "Guidelines"). Amendment 782 generated a 2-level reduction in all offense levels found in §2D1.1 and §2D1.11 of the Guidelines, effective November 1, 2014. ECF No. 32. The Court held that despite a 2-level reduction in Petitioner's sentencing guidelines, Petitioner's 156-month term of imprisonment was well below his new 210 to 262-month threshold, prompting no change to Petitioner's original sentence.

5

(documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner offers his hypertension, obesity, and hyperlipidemia as underlying conditions that may exacerbate a potential COVID-19 infection. ECF Nos. 40 and 42. As a preliminary matter, Petitioner's hyperlipidemia— or high cholesterol— is not considered an ailment that places Petitioner at a high risk for severe illness from COVID-19.[2] The Court notes that the CDC lists obesity as a medical condition that is at an "increased risk of severe illness from COVID-19." *Id.* The CDC also lists hypertension as a medical condition that *may* cause an "increased risk of severe illness from COVID-19." *Id.*

Despite Petitioner's ailments, the Court is unable to conclude that Petitioner is particularly vulnerable to COVID-19 based upon Petitioner's seemingly controlled hypertension and obesity. Upon review of Petitioner's medical records, Petitioner is not taking any medication for hypertension and his blood pressure appears to be "controlled with diet and exercise." ECF No. 42 at 61. Furthermore, while Petitioner has a BMI of 34, indicating that Petitioner is in fact obese, Petitioner is only 34 years old and appears to have no cardiovascular or respiratory diseases. *Id.* Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
October 29, 2020

/s/
Raymond A. Jackson
United States District Judge